J-S13022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
        v.   :
  :
WILLIAM MASON BRISCOE, III   :
  :
        Appellant   :   No. 1027 MDA 2024

Appeal from the Judgment of Sentence Entered May 15, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002034-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JUNE 5, 2025**

William Briscoe, III appeals from the judgment of sentence imposing seven-and-a-half to 15 years of incarceration after a jury convicted him of illegally possessing a firearm; receiving stolen property (*i.e.*, the firearm); and possessing drug paraphernalia.[1]  The parties agree that there was insufficient evidence for the jury to convict Briscoe of receiving stolen property.  Thus, we reverse the guilty verdict on that offense, but otherwise affirm.

On March 27, 2021, police officers stopped Briscoe as he drove a car through York County.  Briscoe consented to a search of the vehicle, and the officers discovered a firearm.  **See** N.T., 3/7/24, at 122.  The officers ran its serial number through the National Crime Information Center ("NCIC") to "see if it was stolen and [to] check it for ownership to determine who owned the firearm."  **Id.** at 123.  NCIC reported that the gun "was stolen out of North

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a), 6102(a)(1); **and** 35 P.S. 780-113(a)(32).

Carolina." *Id.* at 546. Even so, NCIC and the officers had no knowledge of when or how Briscoe acquired the firearm, much less whether he knew or believed that someone had probably stolen it when he possessed it.

Still, the jury convicted Briscoe of receiving stolen property. The trial court sentenced Briscoe to two-and-a-half to five years' incarceration on that offense, to run concurrently to the seven-and-a-half to 15 years' incarceration imposed for illegally possessing the firearm. This timely appeal followed.

Briscoe raises one appellate issue: "Was the evidence insufficient to sustain [Briscoe's] receiving-stolen-property conviction . . . ?" Briscoe's Brief at 4.

Briscoe argues that, in order to convict someone of receiving stolen property, the Commonwealth must prove beyond a reasonable doubt that the defendant knew the item was stolen or believed that it was likely stolen. He contends that there was no evidence to establish that he had such knowledge or belief. *See id.* at 13-17.

The Commonwealth elected not to file an appellee brief. Instead, it sent this Court a letter, dated February 20, 2025, stating, "the Commonwealth concedes that there was insufficient evidence at trial to convict [Briscoe] of receiving stolen property." Commonwealth's 2/20/25 Letter to Superior Court at 1. We agree with the parties.

The sufficiency of the evidence "presents a question of law, for which our standard of review is *de novo*, and our scope of review is plenary."

*Commonwealth v. Peters*, 320 A.3d 1231, 1236 (Pa. Super. 2024), *appeal granted*, 332 A.3d 27 (Pa. 2025).

We "evaluate the record in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Id.** (some punctuation omitted). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." **Id.**

Under Pennsylvania law, someone commits the crime of receiving stolen property "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen . . . ." 18 Pa.C.S.A. § 3925(a). Hence, the crime of receiving stolen property requires proof of an attendant circumstance, specifically, that the person who intentionally received or retained the property (1) knew that the property was stolen or (2) believed that the property was probably stolen when he intentionally received or retained it.

Here, the Commonwealth's evidence at trial proved that the firearm was stolen from someone in North Carolina. However, the Commonwealth offered no proof as to whether Briscoe knew or believed that the firearm was probably stolen. The arresting officers only encountered Briscoe as a result of a random traffic stop. They had no knowledge of how or even when he acquired the stolen firearm. Accordingly, they could not (and did not) testify as to what Briscoe knew or believed regarding whether the firearm was stolen property.

Moreover, the serial number on the firearm was not scratched out. As a result, there was nothing about the firearm's appearance that indicated it was likely stolen. Nor was there any other circumstantial evidence from which the jury could logically infer that Bricoe knew or believed that the firearm was stolen. This gap in the Commonwealth's evidence left the jury to speculate as to what Briscoe may have known or believed regarding the firearm's history and rightful ownership.

A "jury's verdict must be based upon the evidence developed at the trial," not mere speculation. *Commonwealth v. Beasley*, 479 A.2d 460, 466 (Pa. 1984). Under the facts as presented, we conclude the Commonwealth failed to prove the crime of receiving stolen property beyond a reasonable doubt, because it developed no evidence at trial concerning what Briscoe knew or believed regarding whether the firearm was stolen. Briscoe's appellate issue entitles him to relief from the guilty verdict on that offense.

Nevertheless, because the trial court ordered Briscoe's sentence on the receiving-stolen-property conviction to run concurrently with the sentence for illegally possessing a firearm, reversing Briscoe's receiving-stolen-property conviction does not disrupt the sentencing scheme. Therefore, we decline to vacate the judgment of sentence and remand for resentencing.

Verdict of guilty as to receiving stolen property reversed.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/5/2025